IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: | CASE NO 20-70304-JAD |
| David D. Douglas,<br>Autumn N. Douglas,<br>    Debtor(s). | Chapter 13<br><br>Related to Doc. No. 97 and 100 |
| David D. Douglas,<br>    Movant(s), | |
| vs. | |
| Ronda J. Winnecour, Esquire, Chapter 13 Trustee,<br>    Respondent(s). | |

### CONSENT ORDER RESOLVING OBJECTION TO MOTION TO APPROVE SETTLEMENT OF WORKERS' COMPENSATION CASE

WHEREAS, Debtor(s) filed a MOTION TO APPROVE SETTLEMENT OF WORKERS' COMPENSATION CASE ("Settlement Motion") at Doc 97, to which the Trustee had objected (at Doc 100);

WHEREAS, Trustee had questioned the proposed split of special counsel fees in the Motion;

WHEREAS, Debtor has advised the Trustee that Attorney Garver (who was the attorney identified in the originally filed motion to employ) had left Edgar Snyder & Associates and joined Pond Lehocky Giordano during the pendency of this matter and that the proposed split of fees reflects work performed at both firms and is based on an internal allocation agreement between them;

WHEREAS, Trustee had challenged the distribution of the net proceeds to the Debtor before an exemption was formally claimed and allowed;

WHEREAS, the total timely filed unsecured creditor in the case are $11,185.08; the plan provides for a distribution to unsecured creditors of 20% ($2,237), leaving a 8,948.08 balance;

WHEREAS, the parties (Debtor and Trustee) to avoid the costs and expenses of litigating the issues, agree as follows:

(1) The Settlement Motion, providing for a settlement of $200,000.00, as set forth at Doc 97 is approved.

(2) The parties agree that special counsel, as the disbursement agent, shall pay to the Chapter 13 Trustee out of the settlement the sum of $4,500 which sum shall be considered additional plan funding and shall be earmarked, after deduction of Trustee fees, for unsecured creditors. This amount shall be in addition to the distribution to unsecured creditors already provided by the plan and is an agreed compromise of any and all issues that might be raised with respect to the Debtor's exemption in the net settlement proceeds.

(3) The balance of the settlement proceeds shall be distributed by special counsel as follows:

(a) To James A. Garver, Esquire, in the amount of awarded $40,000.00 for special counsel fees to be allocated between Edgar Snyder & Associates and Pond Lehocky Giordano as they agree (the explanation for the split have been accepted by the Trustee);

(b) Litigation Costs in the amount of $1,261.09 to Edgar Snyder and Associates;

(c) To Willis & Associates the sum of $3,000.00 for counsel fees in connection with the settlement Motion and mailed to 201 Penn Center Boulevard, Suite 310, Pittsburgh, PA 15235;

(d) the remainder to the Movant, David D. Douglas.

So Ordered, this _____ day of _____, 20___.

                                              U. S. Bankruptcy Judge

Agreed and consented to:

/s/ Owen Katz
Owen Katz, Esquire (PA I.D. #36473)
US Steel Tower – Suite 3250
600 Grant Street
Pittsburgh, PA 15219
(412) 471-5566
okatz@chapter13trusteewdpa.com
<u>Attorney for Trustee</u>


/s/ Lawrence W Willis
Lawrence W Willis, Esquire (PA I.D. #85299)
Willis & Associates
201 Penn Center Blvd
Pittsburgh, PA 15235
(412) 235-1721
help@westernpabankrupcty.com
<u>Attorney for the Debtor(s)</u>